**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2918-20
            A-2920-20

YA GLOBAL INVESTMENTS,
L.P., formerly known as Cornell
Capital Partners, L.P., YA
GLOBAL INVESTMENTS (US),
LP, YA OFFSHORE GLOBAL
INVESTMENTS, LTD.,
YORKVILLE ADVISORS GP,
LLC, and YORKVILLE
ADVISORS, LLC,

      Plaintiffs-Respondents,

v.

RSM McGLADREY, INC.,
McGLADREY LLP (now known
as RSM US LLP), McGLADREY
& PULLEN, LLP., E. GEORGE
TEIXEIRA, JEFFREY H. YAGER,
and LAURENCE KARST,

      Defendants-Appellants.

_____

YA GLOBAL INVESTMENTS,
L.P., formerly known as Cornell
Capital Partners, L.P., YA
GLOBAL INVESTMENTS (US),

LP, YA OFFSHORE GLOBAL
INVESTMENTS, LTD.,
YORKVILLE ADVISORS GP,
LLC, and YORKVILLE
ADVISORS, LLC,

        Plaintiffs-Respondents,

v.

HOLLAND & KNIGHT LLP,
HARRISON & HELD, LLP, and
JONATHAN STROUSE,

        Defendants-Appellants.

_____

Argued September 14, 2021 – Decided September 21, 2021

Before Judges Fisher, DeAlmeida and Smith.

On appeal from interlocutory orders of the Superior
Court of New Jersey, Law Division, Union County,
Docket Nos. L-1715-15 and L-3685-20.

Veronica E. Callahan (Arnold & Porter Kaye Scholer
LLP) of the New York bar, admitted pro hac vice
argued the cause for appellants RSM McGladrey, Inc.,
McGladrey LLP, McGladrey & Pullen, LLP, E. George
Teixeira, Jeffrey H. Yager and Laurence Karst (Archer
& Greiner, PC, Veronica E. Callahan, Kathleen A.
Reilly (Arnold & Porter Kaye Scholer LLP) of the New
York bar, admitted pro hac vice,  and Muriel Raggi
(Arnold & Porter Kaye Scholer LLP) of the New York
bar, admitted pro hac vice, attorneys; Thomas J. Herten,
Veronica E. Callahan, Kathleen A. Reilly, and Muriel
Raggi on the briefs).

A-2918-20

Daniel M. Feeney (Miller Shakman Levine & Feldman LLP) of the Illinois bar, admitted pro hac vice argued the cause for appellant Holland & Knight LLP (Lowenstein Sandler LLP, Daniel M. Feeney and Kay L. Dawson (Miller Shakman Levine & Feldman LLP) of the Illinois bar, admitted pro hac vice attorneys; David M. Wissert, of counsel and on the brief; Joseph A. Fischetti, Daniel M. Feeney and Kay L. Dawson on the briefs).

Matthew C. Ferlazzo argued the cause for appellants Harrison & Held, LLP and Jonathan Strouse (Hinshaw & Culbertson LLP, attorneys; Matthew C. Ferlazzo, on the briefs).

Peter J. Frazza argued the cause for respondents YA Global, Investments, LP, YA Global Investments (US) LP, YA Offshore Global Investments, LTD., Yorkville Advisors GP, LLC and Yorkville Advisors, LLC (Gibbons PC, attorneys; Peter J. Frazza and Allen L. Harris, on the briefs).

PER CURIAM

We granted leave to appeal to determine whether these accounting and attorney malpractice actions should go forward or be stayed pending the outcome of federal tax litigation.

The older case ("the RSM case") was the subject of a prior interlocutory appeal that raised the same question. In that appeal – decided shortly after the case was commenced six years ago – we reversed the trial court's denial of a motion to stay the proceedings. YA Global Inv., L.P. v. RSM McGladrey, Inc.,

No. A-2152-15 (App. Div. Oct. 4, 2016). The complaint generally alleged plaintiffs received faulty tax and accounting advice that prompted the Internal Revenue Service's determination that plaintiffs owed more than $100,000,000 in taxes and penalties. After its commencement, plaintiffs sought a stay of the RSM case in light of Grunwald v. Bronkesh, 131 N.J. 483, 499-500 (1993), which directed a stay of an attorney malpractice action in similar circumstances. The RSM case was thereafter stayed by a trial court order mandated by our 2016 decision.

In 2020, plaintiffs commenced a separate action against Holland & Knight LLP, Harrison & Held, LLP, and Jonathan Strouse ("the Holland & Knight case"), alleging their negligence in connection with events leading up to the IRS assessment at issue in the tax litigation. After unsuccessfully moving for a dismissal on personal jurisdiction grounds, these defendants moved in the trial court for a stay.

On April 23, 2021, the trial judge denied the motion for a stay in the Holland & Knight case and granted plaintiffs' motion to lift the stay in the RSM case. We discern from the judge's oral decision that the stay was lifted in the RSM case and denied in the Holland & Knight case because the judge agreed with plaintiffs' argument that the potential for their taking inconsistent positions

4

had evaporated once the tax trial ended and is no longer a concern even though the tax court has yet to decide the matter. We granted leave to appeal these April 23, 2021 orders, accelerated these appeals, and now reverse both orders.[1]

Our 2016 decision required a stay of the RSM case "pending resolution of the tax litigation." YA Global, slip op. at 4.[2] To avoid prejudice that might have been caused by the likelihood of a lengthy hiatus, we declared then that our ruling was "without prejudice to an appropriate application from either side for relief from the stay to the extent necessary to preserve discovery that might otherwise be lost while waiting disposition of the tax litigation." Ibid. (citing Vastano v. Algeier, 178 N.J. 230, 240-41 (2003)). We also added the following comments:

> [B]ecause so little has been presented about the nature and scope of the tax litigation, we do not foreclose a future revisitation of the necessity or propriety of the

---

[1] The parties advised at oral argument here that the status of the tax litigation has not appreciably changed since the trial judge entered the April 23, 2021 orders and since we granted leave to appeal. In short, the tax matter remains undecided.

[2] Plaintiffs argue the scope of the stay should be determined by what is stated in the 2016 trial court order entered after our earlier decision; through their interpretation of the trial court order, plaintiffs attempt to convince us that the grounds for lifting the stay are broader than stated in our 2016 opinion. We reject this. Our 2016 mandate that the trial court proceedings be stayed pending resolution of the tax litigation controlled the grounds for a lifting of the stay until modified by this court or overturned by a higher court.

A-2918-20

> stay that we now mandate; indeed, the trial judge should include within the stay order a requirement that plaintiffs seasonably provide the trial court and defendants with reports about the tax litigation's status.
>
> [Ibid.]

Despite our cautions and the doors left ajar by our earlier decision, there is no doubt we intended to halt the trial court proceedings until completion of the pending litigation involving the IRS's assessment against plaintiffs. We emphasized – absent any demonstrated need to preserve discovery that might be lost or absent something else not then foreseen – that the RSM case should be stayed "pending resolution of the tax litigation." Ibid.

That was what we then ordered and that remains our view of the situation. The event that would trigger the lifting of the stay has yet to occur and, because it has yet to occur, the judge's rulings on the stay motions were inconsistent with our mandate. The parties to the tax litigation may have moved the ball into the red zone but, until the ball is driven into the end zone, many questions – such as whether defendants' advice was negligent and, if negligent, whether defendants' acts or omissions were a proximate cause of any injuries sustained by plaintiffs and, if so, how much damage, if any, was sustained – remain unknown and unknowable. Any attempt to engage in discovery or commence a trial in these negligence actions without knowing the tax court's disposition requires the court

6

and the parties to enter a world of speculation about what is relevant in these cases and causes the unnecessary expenditure of the parties' and our courts' time, energies, and resources.[3] The trial judge's decisions to allow these cases to go forward in the absence of a tax court decision[4] constituted an abuse of discretion.

The April 23, 2021 orders in these matters are reversed and the matters are remanded for the entry of orders staying those cases in conformity with this opinion.[5]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Plaintiffs argue there would be no burden because the parties agreed on the designation of a special discovery master and the discovery proceedings will take place within the master's aegis. That, however, does not eliminate the likelihood that the parties will enter into discovery disputes before the master that may lead them back to the trial court and, potentially, here. See R. 4:41-5.

[4] We do not at this time consider whether – once a final decision of the tax court is rendered – the stays should remain in effect until any appeal rights in the tax matter are exhausted.

[5] At the risk of inviting additional litigation, we note that our prior decision – and today's decision – do not preclude a good faith application for partial relief from the stay for the purpose of preserving evidence that might otherwise be lost as the parties wait for the events that will otherwise allow a complete lifting of the stays.

A-2918-20